IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JEFFREY G. HAGAN, | ) | CIVIL NO. 15-00189 JMS-KSC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING |
| | ) | DEFENDANTS' MOTION TO |
| vs. | ) | DISMISS COMPLAINT, DOC. NO. |
| | ) | 15 |
| DEUTSCHE BANK; DEUTSCHE | ) | |
| BANK NATIONAL TRUST | ) | |
| COMPANY; INDYMAC MORTGAGE | ) | |
| LOAN TRUST 2005-AR21; | ) | |
| MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS aka | ) | |
| MERS; ONE WEST BANK; IMB | ) | |
| HoldCo LLC; TMLF HAWAII LLLC; | ) | |
| PETER T. STONE; MANMEET | ) | |
| RANA; JENNY J.N.A. NAKAMOTO; | ) | |
| and DOES 1-25, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT, DOC. NO. 15

## I. INTRODUCTION

On May 20, 2015, Plaintiff Jeffrey G. Hagan ("Plaintiff") filed this

action asserting numerous federal and state law claims against Defendants

Deutsche Bank, Deutsche Bank National Trust Company, IndyMac Mortgage

Loan Trust 2005-AR21 (collectively, "Deutsche Bank"),[1] Mortgage Electronic

Registration Systems aka MERS ("MERS"),[2] One West Bank and IMB HoldCo

LLC (collectively, "CIT Bank"),[3] (collectively, the "moving Defendants"); and

TMLF Hawaii LLLC; Peter T. Stone, Manmeet Rana, and Jenny J.N.A. Nakamoto

(collectively, the "TMLF Defendants"), arising from his mortgage and Deutsche

Bank's subsequent mortgage foreclosure action.

      Currently before the court is the moving Defendants' Motion to

Dismiss Complaint for lack of subject matter jurisdiction and failure to state a

claim.  As set forth below, the court finds that it has no diversity jurisdiction, and

the Complaint fails to state a plausible federal claim.  The court therefore

---

[1] Although the Complaint lists Deutsche Bank, Deutsche Bank National Trust Company, and IndyMac Mortgage Loan Trust 2005-AR21 as separate defendants, Deutsche Bank National Trust Company has made an appearance as Trustee for IndyMac INDX Mortgage Loan Trust 2005-AR21, Mortgage Pass-Through Certificates Series 2005-AR21, *see* Doc. No. 15, Defs.' Mot. at 1, and the record shows that Deutsche Bank National Trust Company is a wholly-owned subsidiary of Deutsche Bank Holdings, Inc., which is a wholly-owned subsidiary of Deutsche Bank Trust Corporation, which in turn is a wholly-owned subsidiary of Deutsche Bank AG. *See* Doc. No. 16, Corporate Disclosure Statement ¶¶ 1-2.  *Id.*  For ease of reference, the court simply refers to these Defendants as "Deutsche Bank."

[2] MERS asserts that its proper name is Mortgage Electronic Registration Systems, Inc. *See* Doc. No. 17, Corporate Disclosure Statement ¶ 1.

[3] Although the Complaint names One West Bank and IMB HoldCo LLC as separate entities, CIT Bank, N.A. has made an appearance asserting that on August 2, 2015 CIT Group, Inc. acquired IMB HoldingCo LLC, the parent company of OneWest Bank, N.A., and changed the name of OneWest Bank, N.A. to CIT Bank, N.A.  *See* Doc. No. 18, Corporate Disclosure Statement ¶ 1.  For ease of reference, the court refers to these Defendants as "CIT Bank."

DISMISSES the federal claims (some with leave to amend, and one without).

## II. <u>BACKGROUND</u>

As alleged in the Complaint, on July 27, 2005, Plaintiff purchased real property at 28-2856 Onomea Place, Pepe'ekeo, Hawaii 96783 (the "subject property"). Doc. No. 1, Compl. at 11 ¶ 4.[4] That same date, Plaintiff entered into a loan transaction with IndyMac Bank for $259,000 secured by the subject property. *See* Doc. No. 15-2, Defs.' Ex. 1, Mortgage dated July 27, 2005, recorded on August 3, 2005 at the State of Hawaii Bureau of Conveyances at 2;[5] *see also* Doc. No. 1, Compl. at 11 ¶ 6 (alleging that Plaintiff has made payments to reduce a principal balance of $259,000); *id.* at 45, 51 ¶¶ 67, 82 (identifying IndyMac Bank as the original lender). The mortgage identifies Plaintiff as the borrower, IndyMac Bank, F.S.B. as the lender, and MERS as the mortgagee in a nominee capacity for IndyMac Bank and IndyMac Bank's successors and assigns. Doc. No. 15-2, Ex. 1 at 1-2. On August 29, 2014, MERS, as nominee for IndyMac Bank, executed an

---

[4] In the Complaint, paragraph numbering starts anew with each section. Therefore, when citing to the Complaint, the court references both the page and paragraph numbers.

[5] The court takes judicial notice of the mortgage, which is a public document recorded in the Bureau of Conveyances. *See United States v. 14.02 Acres of Land More or Less in Fresno Cty.*, 547 F.3d 943, 955 (9th Cir. 2008) ("Although, as a general rule, a district court may not consider materials not originally included in the pleadings in deciding a Rule 12 motion, Fed. R. Civ. P. 12(d), it 'may take judicial notice of matters of public record' and consider them without converting a Rule 12 motion into one for summary judgment." (*citing Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)); *see also Lindsey v. Matayoshi*, 2012 WL 1656931, at *4 (D. Haw. May 9, 2012) (explaining when the court may take judicial notice of public documents).

Assignment of Mortgage to "Deutsche Bank National Trust Company as Trustee

for IndyMac INDX Mortgage Loan Trust 2005-AR21, Mortgage Pass-Through

Certificates Series 2005-AR21," which was recorded in the State of Hawaii

Bureau of Conveyances on October 10, 2014.  Doc. No. 15-3, Defs.' Ex. 2.[6]

On March 2, 2015, Deutsche Bank initiated a foreclosure action

against Plaintiff in the Circuit Court of the Third Circuit, State of Hawaii (the

"state action").  *See* Doc. No. 1-3, Pl.'s Ex. 3.  In response to that action, on May

20, 2015, Plaintiff filed the instant action against Defendants asserting both

diversity and federal question subject matter jurisdiction, and alleging eighteen

causes of action.[7]  Doc. No. 1, Compl.  Six of the asserted claims arise under

federal law, and the remaining claims arise under state law.  The federal claims

---

[6]  The court takes judicial notice only of the fact that the Assignment of Mortgage was recorded in the Hawaii Bureau of Conveyances.  But of course, judicial notice does not establish the validity of this assignment.  *See 14.02 Acres of Land More or Less in Fresno Cty.*, 547 F.3d at 955 ("Judicial notice is appropriate for records . . . "of administrative bodies," and such a record may be referred to "as background material, without relying on it to resolve any factual dispute.").

[7]  On June 1, 2015, Plaintiff also attempted to remove the state action *directly* into this action.  That Notice of Removal was stricken from the record, with leave to refile as a separate action and in accordance with the removal statutes.  *See* Doc. No. 12, Entering Order.  On September 22, 2015, Plaintiff filed a Second Notice of Removal, thereby opening a separate federal action.  *See Deutsche Bank Nat'l Trust Co. as Tr. for IndyMac Index Mortg. Loan Tr. 2005-AR21, Mortg. Pass-Through Certificates Series 2005-AR21 v. Hagan*, Civ. No. 15-00376 JMS-KSC, Doc. No. 1.  On October 16, 2015, Deutsche Bank filed a Motion to Remand.  Doc. No. 4.  The court will not rule on the Motion to Remand until the matter is fully briefed -- Plaintiff's Opposition is due November 6, 2015, and Deutsche Bank's optional Reply is due November 13, 2015.

allege violations of:

   (1)   Section 17(a)(2) and (3) of the Securities Act of 1933, 15
         U.S.C. § 77q(a)(2), (3) (Fourth Cause of Action);

   (2)   the Racketeer Influenced and Corrupt Organizations Act
         ("RICO"), 18 U.S.C. §§ 1961 - 1968 (Seventh Cause of
         Action);

   (3)   the Real Estate Settlement Procedures Act ("RESPA"), 12
         U.S.C. § 2605 (Thirteenth Cause of Action);

   (4)   the Truth in Lending Act ("TILA"), 15 U.S.C. § 1640
         (Fifteenth Cause of Action); and

   (5)    the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.
         § 1692 (Sixth and Sixteenth Causes of Action).

      Plaintiff alleges that he has "no relationship whatsoever with, or

obligation to, Deutsche Bank," and that Deutsche Bank "is neither the owner of

either the note . . . , nor do[es it] own any right to attempt to file or pursue a

foreclosure" against him.  *Id.* at 12 ¶¶ 9-10.  Thus, "the purpose of this lawsuit [is]

to:

   a.   determine the real owner of the note and the
        mortgage, and thus the real party in interest;

   b.   ascertain what (if any) monetary consideration was
        exchanged for each transfer of the note and/or
        mortgage and thus determine if a legally
        cognizable transfer occurred;

   c.   devise a judicially supervised reasonable and
        equitable resolution and modification of this home

5

loan to prevent catastrophic financial injury,
emotional harm and disruption to Plaintiff;

d.      examine and evaluate in this court of law what
state and federal laws have been violated by the
parties and their affiliates who have attempted
foreclosure;

e.      determine what fiscal re[num]eration for Plaintiff
and remonstration against Defendants is
warranted[.]

*Id.* at 21 ¶ 21.

On September 4, 2015, the moving Defendants filed the instant

Motion.  Doc. No. 15.  Plaintiff filed his Opposition on September 28, 2015, and

the moving Defendants filed a Reply on October 5, 2015.  The matter was heard

on October 19, 2015.

### III.  <u>STANDARDS OF REVIEW</u>

**A.      Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss

claims over which it lacks proper subject matter jurisdiction.  The court may

determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule

12(b)(1) so long as "the jurisdictional issue is [not] inextricable from the merits of

a case."  *Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1195 (9th

Cir. 2008).  The moving party "should prevail [on a motion to dismiss] only if the

material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Casumpang v. Int'l Longshoremen's & Warehousemen's Union*, 269 F.3d 1042, 1060-61 (9th Cir. 2001) (citation and quotation signals omitted); *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack such as the case here, the court may dismiss a complaint when its allegations are insufficient to confer subject matter jursidiction. When the allegations of a complaint are examined to determine whether they are sufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). In such a facial attack on jurisdiction, the court limits its analysis to the allegations of and the documents attached to the complaint. *See Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

## B.    Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]" A Rule

12(b)(6) dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

Although a plaintiff need not identify the legal theories that are the basis of a pleading, *see Johnson v. City of Shelby, Mississippi*, 135 S. Ct. 346, 346 (2014) (per curiam), a plaintiff must nonetheless allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  In other words, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216.  Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8.  *Iqbal*, 556 U.S. at 679.

## C.     Rule 9(b)

Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  "Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud." *In re GlenFed, Inc. Sec. Litig.,* 42 F.3d 1541, 1547-48 (9th Cir. 1994) (en banc), *superseded on other grounds by* 15 U.S.C. § 78u-4.  A complaint must include the time, place, and nature of the alleged fraud; "mere conclusory allegations of fraud are insufficient" to satisfy this requirement. *Id*. at 1548 (citation and quotation signals omitted).  However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be

alleged generally."  Fed. R. Civ. P. 9(b); *see also In re GlenFed, Inc. Sec. Litig*, 42

F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply by saying

that scienter existed."); *Walling v. Beverly Enters.*, 476 F.2d 393, 397 (9th Cir.

1973) (Rule 9(b) "only requires the identification of the circumstances constituting

fraud so that the defendant can prepare an adequate answer from the allegations"

(citations omitted)).

A motion to dismiss for failure to plead with particularity is the

functional equivalent of a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *Vess*

*v. Ciba Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).  In considering a

motion to dismiss, the court is not deciding the issue of "whether a plaintiff will

ultimately prevail but whether the claimant is entitled to offer evidence to support

the claims."  *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003) (*quoting*

*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## D.    Pro Se Pleadings

Because Plaintiff is proceeding pro se, the court liberally construes

his pleadings.  *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The

Supreme Court has instructed the federal courts to liberally construe the 'inartful

pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365

(1982) (per curiam)).  The court also recognizes that "[u]nless it is absolutely clear

that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000).

## IV. <u>DISCUSSION</u>

The Complaint alleges that the court's subject matter jurisdiction is based on both diversity of citizenship and federal question jurisdiction. Doc. No. 1, Compl. at 5-6 ¶¶ 1, 4-7. The court first addresses diversity jurisdiction, and then addresses whether the Complaint states a plausible federal claim.

### A.    Diversity

The diversity statute, 28 U.S.C. § 1332(a), provides, in relevant part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." For a case to qualify for federal jurisdiction under section 1332, there must be complete diversity of citizenship between the opposing parties -- in other words, all of the plaintiffs must be citizens of different states than all of the defendants. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[Section] 1332 . . . requir[es] complete diversity: In a case with multiple plaintiffs and multiple

defendants, the presence in the action of a single plaintiff from the same [s]tate as a single defendant deprives the district court of original diversity jurisdiction over the entire action.").

The Complaint alleges that Plaintiff "resides in the State of Hawaii." Doc. No. 1, Compl. at 5 ¶ 1. And the Complaint also alleges that the TMLF Defendants are citizens of Hawaii. *Id.* at 7, 9 (alleging that TMLF is a Hawaii law firm, that Stone, Rana, and Nakamoto are individual attorneys employed by TMLF and whose practices involve Hawaii mortgage foreclosure actions, and listing a Hawaii business address for TMLF). In short, the Complaint, on its face, alleges that Plaintiff and the TMLF Defendants share the same citizenship. Thus, the Complaint fails to establish diversity jurisdiction. *See Hagan v. United States Nat'l Bank*, 2014 WL 5465321, at *3 (D. Haw. Oct. 27, 2014) ("*Hagan I*") (finding no diversity jurisdiction because "Hagan, a citizen of Hawaii" and at least one defendant "share the same citizenship").

## B.    Federal Law Claims

The federal question statute, 28 U.S.C. § 1331, provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." And although Plaintiff alleges six discrete federal law violations, he appears to broadly claim that MERS lacked

authority to assign Plaintiff's mortgage and that securitization of mortgage loans generally is illegal. *See, e.g.*, Doc. No. 1, Compl. at 9, 12-21, 30, 39 ¶¶ 10-20, 36, 54-57. The court first discusses MERS and the mortgage assignment, and then turns to the specific federal claims.

This court has rejected claims attacking MERS's role in mortgage transactions, where, as here, the mortgage expressly notifies the mortgagor of such role. *See, e.g.*, *Pascual v. Aurora Loan Servs., LLC*, 2012 WL 2355531, at *4 (D. Haw. June 19, 2012) (citing *Cervantes v. Countrywide Home Loans*, 656 F.3d 1034 (9th Cir. 2011)). This court has also rejected numerous borrowers' claims challenging MERS's authority to assign, on behalf of a lender, the mortgage,[8] as well as claims based on securitization of the mortgage loan.[9] Thus, to the extent Plaintiff's individual federal claims rely on these arguments, they fail to state a

---

[8] *See, e.g.*, *Lovretich v. Countrywide Home Loans, Inc.*, 2013 WL 2389491, at *3; *see also id.* at 3 n.5 (citing *Fed. Nat'l Mortg. Ass'n v. Kamakau*, 2012 WL 622169, at *4; *see also id.* at *5 n.5 (D. Haw. Feb. 23, 2012) (explaining that a borrower cannot challenge an assignment that he was not a party to, and that plaintiff may not assert claims based on the argument that MERS lacked authority to assign its right to foreclose)); *Lindsey v. Meridias Cap., Inc.*, 2012 WL 488282, at *3 n.6 (D. Haw. Feb. 14, 2012) ("[A]ny argument that MERS lacked the authority to assign its right to foreclose and sell the property based on its status as 'nominee' cannot stand in light of [*Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034 (9th Cir. 2011).]" (quoting *Velasco v. Sec. Nat'l Mortg. Co.*, 2011 WL 4899935, at *11 (D. Haw. Oct. 14, 2011)); *Teaupa v. U.S. Nat'l Bank N.A.*, 836 F. Supp. 2d 1083, 1104 (D. Haw. 2011) (dismissing without leave to amend claim asserting that MERS lacks standing to foreclose).

[9] *See, e.g.*, *Rodenhurst v. Bank of Am.*, 773 F. Supp. 2d 886, 898 (D. Haw. 2011) (citing numerous cases); *Kamakau*, 2012 WL 622169, at *4 (same).

viable claim and are dismissed with prejudice.

As to the individual federal claims, the court notes that Plaintiff asserted the exact same claims in an earlier action, based on foreclosure proceedings on a different property. *See Hagan I*, 2014 WL 5465321. *Hagan I* determined that Plaintiff failed to state plausible federal claims. Here, the court finds that the federal claims asserted in the instant Complaint suffer from many of the same deficiencies discussed in *Hagan I*.

### 1.    *Fourth Cause of Action -- Violation of the Securities Act of 1933*

The Fourth Cause of Action generally alleges that various Defendants committed securities fraud based on the sale and securitization of Plaintiff's mortgage loan. *See* Doc. No. 1, Compl. at 29-32 ¶¶ 34-38. Section 17(a)(2) & (3) of the Securities Act of 1933 provides:

> It shall be unlawful for any person in the offer or sale of any securities . . . (2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made in light of the circumstances under which they were made, not misleading; or (3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

15 U.S.C. § 77q(a)(2) & (3). However, as *Hagan I* explained, "no private right of

action lies under section 17(a) [15 U.S.C. § 77q(a))]."  2014 WL 5465321, at *3

(quoting *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 823 F.2d 1349,

1358 (9th Cir. 1987)); *see also In re Sherman*, 491 F.3d 948, 960 (9th Cir. 2006)

("[T]here is no express private cause of action . . . and no implied cause of action

under section 17(a) of the 1933 Act.").

      Moreover, even if a private right of action existed under section

17(a), Plaintiff would lack standing to assert such claim.  *See Hagan I*, 2014 WL

5465321, at *3 (citing *Maixner v. BAC Home Loans Servicing, LP*, 2011 WL

7153929, at *8 (D. Or. Oct. 26, 2011) ("[A] mortgagee does not qualify . . . as a

purchaser, seller, or offeree of a security.")); *see also Bello v. Chase Home Fin.*,

2011 WL 133351 at *1 (S.D. Cal. Jan. 12, 2011) (rejecting mortgagee-plaintiff's

claim that securitization and sale of his mortgage made him a holder of a

mortgage-backed security) (collecting cases).  In short, the Complaint fails to state

a cognizable claim for securities fraud in violation of 15 U.S.C. § 77q(a)(2) & (3).

And because the lack of a private cause of action under section 17(a) cannot be

cured by amending the factual allegations, the claim is DISMISSED with

prejudice.

///

///

15

### 2.      Seventh Cause of Action -- RICO Violation

The Seventh Cause of Action alleges that Defendants violated the civil RICO statutes, 18 U.S.C. §§ 1961, *et seq*, which make it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."  18 U.S.C. § 1962(c).  To state a civil RICO claim, Plaintiff must allege facts showing: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to [P]laintiff's business or property."  *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (internal quotation marks and citation omitted).

Here, the Complaint alleges that Defendants "contrived, conspired and colluded to create . . . an illegal scheme of recordation, commonplace utilization of falsified documents and intentionally obstructed justice in hiding documents as would evidence either ownership or divulging financial accounting disclosure of profiteer activities."  Doc. No. 1, Compl. at 35 ¶ 46.  The Complaint further alleges that the "frequency and persistence of [Defendants'] behaviors . . . is so widespread, repeated and continuous that it cannot be characterized other

16

than a <u>profligate, insidious, and pervasive</u>[.]"  *Id.* at 34 ¶ 44.  Such allegations are insufficient to state a viable RICO claim.

The particularity requirements of Rule 9(b) apply to civil RICO fraud claims.  *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065-66 (9th Cir. 2004); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989).  And "Rule 9(b) . . . 'requires that [Plaintiff] state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation[s].'"  *Hagan I*, 2014 WL 5465321, at *4 (quoting *Moore*, 885 F.2d at 541).  The Complaint's allegations fall well short of complying with Rule 9(b).  And in his Opposition, Plaintiff states that he "cannot yet . . . discern the exact dates and which parties were respectively responsible in the chain of events . . . relevant to the instant matter.  This will be rectified [with] specificity in the due course of discovery."  Doc. No. 28, Pl.'s Opp'n at 9.  Thus, Plaintiff concedes that he lacks the necessary information to satisfy the heightened Rule 9 pleading standard.

Moreover, at a minimum, the Complaint fails to allege any specific facts showing (1) alleged racketeering activities distinct from the alleged enterprise, *see Alexander v. Wells Fargo Bank, N.A.*, 2015 WL 5123922, at *6 (W.D. Wash. Sept. 1, 2015) (citing *Odom v. Microsoft Corp.*, 486 F.3d 541, 552

(9th Cir. 2007)), and (2) financial injury to Plaintiff's business or property.  *See Oscar v. Univ. Students Coop. Ass'n*, 965 F.2d 783, 785 (9th Cir. 1992) ("To demonstrate injury for RICO purposes, plaintiffs must show proof of concrete financial loss, and not mere injury to a valuable intangible property interest. . . . Personal injuries are not compensable under RICO.").

Based on the foregoing, Plaintiff's RICO claim is DISMISSED. However, because Plaintiff could possibly amend his Complaint to state the necessary factual information to support a RICO claim, as set forth above and in accordance with Rule 9(b), such claim is DISMISSED with leave to amend.[10]

### 3.    *Thirteenth Cause of Action -- RESPA Violation*

The Complaint alleges that Defendants violated RESPA, 12 U.S.C. § 2605(e)(2)(c)(i),[11] by (1) IndyMac Bank's failure to produce various loan documents despite Plaintiff's submission of two qualified written requests, and

---

[10]  Of course, to the extent Plaintiff's RICO claim is premised on MERS's assignment of the mortgage, or the securitization of the loan, the claim fails to state a claim for the reasons set forth above.

[11]  Section 2605(e)(2)(C) provides that "[n]ot later than 30 days . . . after the receipt from any borrower of any qualified written request . . . the servicer shall . . . after conducting an investigation, provide the borrower with a written explanation or clarification that includes -- (i) information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower."

(2) all Defendants' "steadfast[] and persistent[] refus[al] to supply any documents which would connect them to any present day claim of ownership [of the Note and Mortgage]."  Doc. No. 1, Compl. at 44 ¶ 62.

In order to state a claim under RESPA, however, Plaintiff must allege facts showing that a specific defendant violated a RESPA provision *and* that Plaintiff suffered "actual damages . . . as a result" of that defendant's failure to comply with that provision.  12 U.S.C. § 2605(f); *see Obeng Amponsah v. Chase Home Fin., LLC*, 2015 WL 4940462, at *1 (9th Cir. Aug. 20, 2015) (affirming dismissal of RESPA claim where the plaintiff's "allegations do not connect the alleged failure to respond to his qualified written requests with any actual damages"); *see also Petrovich v. Ocwen Loan Servicing, LLC*, 2015 WL 3561821, at * 2 (N.D. Cal. June 8, 2015) ("To state a claim under RESPA, a plaintiff must allege that (1) a defendant violated RESPA; and (2) that defendant's violation caused the plaintiff monetary damages."); *Menashe v. Bank of New York*, 850 F. Supp. 2d 1120, 1134 (D. Haw. 2012) ("Because damages are a necessary element of a RESPA claim, failure to plead damages is fatal to a RESPA claim.").

Here, the Complaint fails to allege any actual, monetary damages resulting from an alleged RESPA violation.  Throughout the Complaint, Plaintiff's allegations of harm are limited to the possible risk of losing the subject property

and with it, his "savings, down-payment monies, . . . capital improvements made

to the subject property, and [being] eject[ed] . . . from his property."  Doc. No. 1,

Compl. at 53 ¶ 87; *see also id*. at 45 ¶ 65 ("Plaintiff is at risk of suffering . . . the

loss of [his] savings and down payment funds exceeding $150,000.00, capital

improvements . . . , and tens of thousands of dollars in interest payments made.").

These allegations do not allege actual harm suffered.  At best, they identify

potential future harm.

And Plaintiff's general allegations that Defendants precluded Plaintiff

from communicating with the loan owner to "converse about loan modifications,"

*id.* at 45-46 ¶ 67; *see also id.* at 54 ¶ 90 ("Defendants . . . prevented any attempts

by the Plaintiff to reasonably modify the loans."), are not sufficient to allege actual

harm.  *See Rymal v. Bank of Am.*, 2011 WL 6100979, at * 5 (D. Haw. Dec. 6,

2011) (dismissing RESPA claim because "Plaintiff's assertion that she had

difficulty locating the real party in interest to mitigate losses or discuss 'work out

options' d[id] not adequately constitute actual damages").

Based on the foregoing, this claim is DISMISSED with leave to

amend.  To state a plausible RESPA claim, Plaintiff must allege specific factual

allegations of harm suffered as a result of a particular Defendant's failure to

respond to a qualified written request.

### 4.    *Fifteenth Cause of Action -- TILA Violation*

Plaintiff's TILA claim for damages is based on IndyMac Bank's alleged failure to explain that his loan would likely be securitized and sold.  Doc. No. 1, Compl. at 45, 57 ¶¶ 67, G.

TILA damage claims generally must be brought "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e); *see King v. California*, 784 F.2d 910, 915 (9th Cir. 1986) ("[W]e hold that the limitations period in Section 1640(e) runs from the date of consummation of the transaction[.]").  The one-year period "applies to both actual and statutory damages."  *Hagan I*, 2014 WL 5465321, at *4 (citing *Vietor v. Commonwealth Land Title*, 2010 WL 545856, at *3 (N.D. Cal. Feb. 11, 2010) (additional citation omitted)).  "[E]quitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action."  *King*, 784 F.2d at 915.  However, a "plaintiff cannot simply rely on the same factual allegations to both show a [TILA] violation . . . and to toll the limitations period."  *Vargas v. JP Morgan Chase Bank, N.A.*, 2014 WL 3435628, at *3 (C.D. Cal. July 11, 2014) (citation and quotation marks omitted).

Here, Plaintiff's mortgage is dated July 27, 2005, but he did not file this action until May 20, 2015, nearly nine years after the statute of limitations for his TILA damages claim had run.  Plaintiff alleges no specific facts showing that he engaged in due diligence to discover or investigate a TILA claim.  "Equitable tolling is the exception, not the general rule" -- "[t]o allow tolling whenever a plaintiff alleges improper disclosure would render the TILA limitations period completely meaningless."  *Id.* at *4.  Thus, Plaintiff's TILA claim is time-barred, and DISMISSED with leave to amend.

### 5.      *Sixth and Sixteenth Causes of Action -- FDCPA Violations*

The Complaint asserts two counts alleging violations of the FDCPA, which prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  Specifically, Plaintiff alleges that the moving Defendants engaged in "unconscionable means of collections against Plaintiff," Doc. No. 1, Compl. at 33 ¶ 43, including furnishing "deceptive forms" knowing that such forms "would create a false belief that a person other than the creditor . . . is participating in the attempt to collect a debt." *Id.* at 46 ¶ 68-69.

To the extent these claims sound in fraud, they are subject to the heightened pleading requirements of Rule 9.  *Kearns v. Ford Motor Co.*, 567 F.3d

1120, 1124 (9th Cir. 2009) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged.") (internal quotation marks and citation omitted).  The Complaint's allegations do not specify which Defendant(s) made specific allegedly false representations and/or provided specific allegedly deceptive forms, when and where such representations were made and/or such forms were provided, and how these representations and/or forms were used to deceptively collect a debt from Plaintiff.

Moreover, the moving Defendants are not debt collectors under the FDCPA based on their attempts to foreclose on the subject property.  *See Hagan I*, 2014 WL 5465321, at *5 (citing *Hanaway v. JP Morgan Chase Bank*, 2011 WL 672559, at *4 (C.D. Cal. Feb. 15, 2011) ("Since a transfer in interest is the aim of a foreclosure, and not a collection of debt, the foreclosure proceeding is not a debt collection action under the FDCPA.  As such, '[a]ny actions taken by [JP Morgan] in pursuit of the actual foreclosure may not be challenged as FDCPA violations.'" [quoting *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002)])).  Plaintiff argues that because Deutsche Bank explicitly stated in its foreclosure complaint that such action "IS AN ATTEMPT TO COLLECT A DEBT," Doc. No. 1-3, it invokes the FDCPA.  *See* Doc. No. 22, Pl.'s Opp'n at 10. Plaintiff is mistaken.

As defined by the FDCPA, a "debt collector" includes "(1) 'any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts,' and (2) any person 'who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" *Schlegel v. Wells Fargo Bank, N.A.*, 720 F.3d 1204, 1208 (9th Cir. 2013) (quoting 15 U.S.C. § 1692(a)(6)). "The term does not include any person who collects any debt owed or due to the extent such activity concerns a debt which was originated by such person or was not in default at the time it was obtained by such person." *Au v. Republic State Mortg. Co.*, 2012 WL 3113147, at *12 (D. Haw. July 31, 2012) (citing 15 U.S.C. §§ 1692a(6)(F)(ii) & (iii)).  Thus, a "debt collector" under the FDCPA generally does not include "original lenders, creditors, mortgage servicing companies, and mortgage brokers." *DeShaw v. Bank of Am., N.A.*, 2015 WL 5598321, at *8 (D. Haw. Sept. 22, 2015); *see also Schlegel*, 720 F.3d at 1209 (dismissing FDCPA claims brought by mortgagors against mortgagee Wells Fargo because the complaint "establishe[d] only that debt collection is some part of Wells Fargo's business" and did not allege that Wells Fargo "collects debts *owed to someone other than Wells Fargo*") (emphasis added).  "Also excluded from the FDCPA's definition of a "debt collector" are assignees of the mortgage debt, if the debt was

not in default at the time the debt was obtained." *DeShaw*, 2015 WL 5598321, at

*8 (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)); 15

U.S.C. § 1692a(6)(F)(iii).

Here, the Complaint contains no allegations establishing that the

principle purpose of any Defendant is the collection of debts, or that any

Defendant regularly collect debts, owed to another.  And although Plaintiff argues

that "the 'assignment' upon which [Deutsche Bank is] attempting to rely occurred

***after*** the date they claim the loan was in default," Doc. No. 22, Pl.'s Opp'n at 11,

neither the Complaint nor the Opposition allege when Deutsche Bank asserted that

Plaintiff defaulted on his mortgage loan.  In short, the Complaint fails to allege

facts sufficient to allege a cognizable FDCPA claim.[12]  Accordingly, these claims

are DISMISSED with leave to amend.

## C.     Leave to Amend

Plaintiff is granted leave to file an Amended Complaint that attempts

to re-plead viable RICO, RESPA, TILA, and FDCPA claims.  Leave is not

granted, however, to assert claims challenging generally MERS's authority to

assign a mortgage and that securitization of mortgage loans is illegal, and for

---

[12]  Again, to the extent Plaintiff's FDCPA claim is premised on the argument that
MERS's assignment of the mortgage or the securitization of the loan is invalid, the claim fails.

violations of section 17(a) of the Securities Act.

An Amended Complaint will supersede the prior pleadings and must be complete in itself without reference to prior superseded pleadings. *E.g.*, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc)).  If Plaintiff chooses to file an Amended Complaint, he must write short, plain statements asserting basic factual allegations in sufficient detail to state a "plausible" claim, and then clearly set forth separate counts for each cause of action.  That is, addressing the deficiencies set forth above, an Amended Complaint must:

(1)     state clearly how *each* of the Defendants has violated a particular statute or common law, and how each Defendant injured Plaintiff and/or Plaintiff's business or property, or how the court can provide relief against each Defendant.  In other words, Plaintiff should explain, in clear and concise allegations, what each Defendant did (or failed to do) and how those specific facts create a plausible claim for relief in reference to a specific statute or common-law cause of action; and

(2)     state clearly the relief sought and how there is basis for a claim in federal court.  In other words, Plaintiff must explain the basis of this

court's jurisdiction.

Plaintiff must clearly designate on the face of the document that it is an "Amended Complaint."  And the Amended Complaint may not incorporate any part of the original Complaint by reference, but rather, any specific allegations must be retyped or rewritten in their entirety.  Plaintiff may include only one claim per count.  Any cause of action not already dismissed with prejudice that is not raised in the Amended Complaint is waived.[13]  *King*, 814 F.2d at 567.  Failure to file an amended complaint by **November 20, 2015** will result in automatic dismissal of this action.

## D.    State Law Claims

Having dismissed all federal claims, there are no federal claims remaining over which the court has original jurisdiction.  *See Peralta v. Hispanic Bus., Inc*., 419 F.3d 1064, 1068 (9th Cir. 2005) (explaining that a federal court has subject matter jurisdiction under diversity of citizenship (28 U.S.C. § 1332) or through "federal question jurisdiction" (28 U.S.C. § 1331)). Rather, the only remaining claims are state law claims over which this court has only supplemental jurisdiction.  *See* 28 U.S.C. § 1367(c)(3).

---

[13]  Claims that were dismissed *without* leave to amend need not be pleaded again in an amended complaint to preserve them for appeal.  *See Lacey*, 693 F.3d at 928.  However, "claims that have been dismissed with leave to amend and are not repled in the amended complaint will be considered waived."  *Id.*

Under 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" "[W]hen deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988))). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point towards declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

Because the dismissed federal law claims provide the only basis for federal jurisdiction, the court does not address Plaintiff's state law claims.  If Plaintiff does not file an amended complaint, the court will decline jurisdiction over the state law claims pursuant to section 1367(c) and dismiss them without prejudice.[14]  If Plaintiff chooses to file an Amended Complaint that states a

---

[14]  28 U.S.C. § 1367(d) provides that "[t]he period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."

cognizable federal claim against Defendants, however, the court will retain

jurisdiction over related state law claims included in the Amended Complaint and

address them if challenged at that time.

## V.  CONCLUSION

Based on the foregoing, the Court GRANTS the moving Defendants'

Motion to Dismiss Complaint with prejudice as to (1) all claims to the extent they

challenge generally MERS's authority to assign a mortgage and that securitization

of mortgage loans is illegal, and (2) Plaintiff's Securities Act claims, and without

prejudice as to Plaintiff's RICO, RESPA, TILA, and FDCPA claims.  Plaintiff is

GRANTED leave to file an Amended Complaint by **November 20, 2015**.  To be

clear, Plaintiff is granted leave to amend his RICO, RESPA, TILA, and FDCPA

claims, but may not add new federal clams.  And he may replead his state law

claims, but may not add or amend such claims.  If Plaintiff does not file an

Amended Complaint or fails to state plausible federal claims in an Amended

Complaint by **November 20, 2015**, the federal claims will be dismissed without

///

///

///

///

leave to amend, the court will decline supplemental jurisdiction over any

remaining state law claims, and this entire action will be dismissed with prejudice.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 23, 2015.



   /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Hagan v. Deutsche Bank, et al.*, Civ. No. 15-00189 JMS-KSC, Order Granting Defendants'
Motion to Dismiss Complaint, Doc. No. 15